### KOCH v KERSHAW et

Ohio Appeals, 2nd Dist, Franklin Co

No 2232. Decided Nov 25, 1932

Rubrecht & Matthews, Columbus, for plaintiff in error.

Addison & Addison, Columbus, for defendant in error.

KUNKLE, J.

The lower court held, and we think the testimony warrants such holding, that a gift was shown of the original note by the husband of plaintiff shortly prior to his death and that the plaintiff in error, as the note stood in her husband's name, and for the purpose of avoiding administration, had the note sued upon executed in her name as payee instead of in the name of her husband and delivered the old note.

Upon this question the court found, and we think properly so, that the plaintiff in error was the real party in interest.

The remaining issue relates to the question as to whether the note was or was not due when suit was brought thereon.

The note provided that the six hundred dollars was to be paid "out of the first money realized by us from the sale of certain property."

If the defendants have not realized anything from the sale of the property, then the note according to its strict terms is not due.

Upon this question the lower court found in favor of the defendants and an examination of the record discloses certain facts which would warrant such finding.

In brief, it appears from the record that the premises in question were sold to The Sunwick Realty Company, which was a development company in which defendants and others were interested stockholders.

The record discloses that the Sunwick Realty Company paid certain sums thereon but the testimony also tends to show that all of the sums so paid were immediately used to apply upon expenses incurred upon the said property and the payment of liens thereon.

To realize is to acquire, to gain.

As above stated, there is evidence in the record to warrant the finding of the lower court that the defendants in error have not acquired anything as yet by reason of the transfer of such real estate to the said development company. We are not prepared to say that this finding of the lower court is against the manifest weight of the evidence. The finding of the lower court is entitled to the same consideration as would the verdict of a jury for the reason that a jury was waived and the case submitted to the court without the intervention of a jury.

We think under the reasoning of our Supreme Court in the case of Link v Hill,

**Admr., 117 Oh St, 421**, that the judgment of the lower court should be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.